DAVID T. WILENTZ, attorney-general, &c., complainant, (DANIEL A. DEVRIES, appellant),

*v.*

HICKOX FINANCE CORPORATION, defendant (JAMES L. McKENNA, receiver, respondent).

[Argued October 26th, 1938. Decided February 6th, 1939.]

*Mr. Joseph J. Weinberger,* for the appellant.

*Mr. James L. McKenna,* receiver, *pro se,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The facts are stated as follows, in a memorandum filed by the vice-chancellor:

"Hickox Finance Corporation of New Jersey on complaint filed by the attorney-general was on October 28th, 1937, adjudged guilty of violating the 'New Jersey Securities law.' *R. S. 1937 49:1-1 et seq.* The petitioner, Daniel A. DeVries, was one of those defrauded. He parted with shares in the Union Loan and Building Association of Passaic; two first mortgage certificates in the Citizens Title Insurance and Mortgage Company; a first mortgage on property in Passaic and a property in Paterson, in return for stock of the company and a promise of at least $500 a month income for life. The transactions between petitioner and the company took place in April and May, 1937.

"After the filing of the bill and the appointment of a receiver, petitioner made demand on the receiver to return the building and loan shares, the property in Paterson, the Citizens Title Insurance and Mortgage guaranteed certificates 'or the funds realized from the sale of the securities,' in what petitioner terms as a right of rescission."

The memorandum does not state, but the record shows, that the receiver refused to comply with the demand, and that thereupon petitioner filed his petition praying an order on

the receiver to do so. The memorandum by the vice-chancellor continues:

"The right of petitioner to recover back the purchase price of the stock, cannot be exercised after the appointment of a receiver to wind up its affairs. *Roe* v. *Oradell Farms Dairy Co., 85 N. J. Eq. 146.*

"Moreover, the receiver when appointed takes all the property of every description, derived by means of any practice declared to be illegal and prohibited by the New Jersey Securities law, and holds and disposes of the proceeds thereof under the direction of the court of chancery for *'the equal benefit of all who establish an interest therein* by reason of the use and employment by the defendant of any practices herein declared to be illegal and prohibited.' (Italics mine.) There is expressed in the statute a clear and unmistakable legislative purpose, founded upon reason and legal precedent, that all parties who make proof of their claims, arising through such prohibited practices are to share *equally* in the fund so created.

"To grant the prayer of the petitioner would be to give the petitioner a preference over other persons so defrauded. Parties entitled to participate in the funds in the hands of receivers, under the statute, have no preference through proceedings to enforce their claims, since the direct and specific legislative declaration is that such funds shall be 'for the equal benefit of all who establish an interest therein * * *.' *Stevens* v. *Wallace (Court of Errors and Appeals), 111 N. J. Eq. 406; Wilentz* v. *A. S. Weston Co., 117 N. J. Eq. 142.*

"The order to show cause is discharged and the petition dismissed."

The petitioner-appellant concedes that as to property formerly his, and turned into money before the receiver was appointed, petitioner is entitled only to his *pro rata* share; but he claims that as the real estate conveyed and the bond and mortgage assigned by him are still in the hands of the receiver, petitioner is entitled to the return *in specie* of those two items of property. The memorandum below seems to hold broadly that the appointment of a receiver bars recovery in specie in all cases. We find that the order can properly be affirmed without adoption of such a rule in its entirety.

The additional facts should be noted that before the receiver was appointed, the petitioner visited the office of the corporation and made certain demands, which were not complied with. What he demanded was a loan of $2,000 which he said had been promised him: and failing to get it he told the man in charge of the office that "he was going to court and make trouble," and was put out of the office. Nothing else is alleged.

It may well be that if he had claimed at that time that he had been defrauded, had tendered back the stock and demanded a return of his real estate and his mortgage, there would have been an effective rescission creating a right of return in specie from the receiver of unconverted property; but that is not this case, and we need not pass on the point. No such tender or demand was made until after the receiver had been appointed. The case seems therefore clearly within the holding of *Roe* v. *Oradell Farms Dairy Co., supra,* where (at the middle of page 148) it is said: "We think that the right of a stockholder * * * to so change [his] status * * * must be exercised while the corporation is a going concern, presumably solvent, and able to meet its engagements."

We consider therefore, that after the appointment of a receiver, it was too late for the stockholder to rescind his stock purchase as procured by fraud; and that for this reason the order under review was proper, and will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   15.

*For reversal*—None.